NUMBERS 13-10-00321-CR AND 13-10-322-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

DWAYNE LAZO,                                                                            Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                           On
appeal from the 347th District Court 

of Nueces County, Texas.

____________________________________________________________

 

                           MEMORANDUM OPINION

 

                  Before Justices
Rodriguez, Benavides, and Vela

Memorandum Opinion Per Curiam

 

Appellant, Dwayne
Lazo, attempted to perfect appeals from convictions for possession of methadone
and possession of methamphetamine.  We dismiss the appeals for want of
jurisdiction.








Sentences were
imposed on April 20, 2010.  No motions for new trial were filed.  Notices of
appeal were filed on June 7, 2010.  On June 21, 2010, the Clerk of this Court
notified appellant that it appeared that the appeals were not timely
perfected.  Appellant was advised that the appeals would be dismissed if the
defects were not corrected within ten days from the date of receipt of the
Court=s directive.  Appellant has not responded to the Court’s
notices.   

Texas Rule
of Appellate Procedure 26.2 provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or
suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  The
time within which to file the notice may be enlarged if, within fifteen days
after the deadline for filing the notice, the party files the notice of appeal
and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate
Procedure.  See id. 26.3.  In the case herein, appellant did not file a motion for
extension of time to file his notices of appeal as permitted by Texas Rule of
Appellate Procedure 26.3, and did not file his notices of appeal within the
fifteen day grace period.

This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  AWhen a notice of appeal is filed within the fifteen‑day
period but no timely motion for extension of time is filed, the appellate court
lacks jurisdiction.@  Olivo, 918 S.W.2d at 522.   Absent a timely
filed notice of appeal, a court of appeals does not obtain jurisdiction to
address the merits of the appeal in a criminal case and can take no action
other than to dismiss the appeal for want of jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  








Appellant
may be entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex parte Garcia,
988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeals
are DISMISSED FOR WANT OF JURISDICTION. 

 

                                                                                                PER
CURIAM

 

Do not publish.  

Tex. R. App. P. 47.2(b).

 

Delivered and filed the

12th day of August, 2010.